# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

MANUEL ROMAN and RICARDO SILVA,

    Petitioners,

v.

DAVID EBBERT.

    Respondent.

NO. 3:17-cv-01146

(JUDGE CAPUTO)

## **MEMORANDUM**

Presently before me is the Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (Doc. 1) filed by Petitioners Manuel Roman and Ricardo Silva ("Petitioners"), Petitioners' Motion to Appoint Counsel (Doc. 6), and Petitioners' Motions to Amend (Docs. 4, 8). Because Petitioners fail to demonstrate that relief under 28 U.S.C. § 2255 would be inadequate or ineffective to present their claims, their § 2241 Petition will be dismissed for lack of jurisdiction. Additionally, for the reasons below, Petitioners' Motion to Appoint Counsel will be denied (Doc. 6), Petitioners' Motion to Amend their original petition to include materials relating to the testimony of George Velez (Doc. 4) will be denied, and Petitioners' Motion to Amend their original petition to include a *Sessions v. Dimaya* claim (Doc. 8) will be granted. 138 S. Ct. 1204 (2018).

## I. Background

Petitioners underwent a six (6) week criminal trial on twelve (12) counts pursuant to a second superceding indictment filed on September 27, 2005.[1] (*See* Doc. 12, Ex. 1). Petitioners were charged with the following counts: (1) racketeering; (2) racketeering conspiracy; (3) conspiracy to commit murder in aid of racketeering; (4)

---

[1] Petitioners were tried with a third defendant, Rosalie Garcia. *United States v. Garcia*, 282 F. App'x. 14 (2d Cir. 2008). Garcia, however, is not one of the petitioners in the instant § 2241 motion.

murder in aid of racketeering; (5-8) continued criminal enterprise, murder while drug trafficking; (9) use and carrying a firearm during crime of violence; (10) violent crime, drugs, firearm where death occurs (use, carrying and discharging a firearm resulting in death); (11) conspiracy to distribute narcotics; and (12) use and carrying a firearm during drug trafficking crimes. (Doc. 12, Ex. 2); *see also Garcia v. Kallis*, No. 3:17-CV-112, 2018 WL5019412, at *1 n.4 (N.D.W. Va. Sept. 19, 2018) (Trumble, Mag. J.). On December 6, 2005, the jury convicted Roman of all twelve (12) counts and Silva of counts 1, 2, 5, 6, 7, 11, and 12. (Doc. 12, Ex. 1). Both Roman and Silva received multiple life sentences. *Id.*

On May 29, 2008, the United States Court of Appeals for the Second Circuit upheld Petitioners' convictions on direct appeal. *Garcia*, 282 F. App'x. at 14-26. Further procedural history for each individual Petitioner is discussed below.

### A. Manuel Roman

On September 16, 2009, Roman filed a 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence. (*See* Doc. 12, Ex. 5 at 156). Roman sought to "expand the record" to support an actual innocence claim and other procedurally defaulted arguments, and sought re-sentencing on Count 11. *Roman v. United States*, Nos. 09 Civ. 7942(GEL), 01 Cr. 1110(GEL), 2010 WL 3825738 (S.D.N.Y. Sept. 29, 2010) (Lynch, J.). In addition, Roman alleged ineffective assistance of counsel, that he was "improperly tried 'en masse[,]'" and that his rights based on "unexplained emanations from the Confrontation Clause of the Sixth Amendment" were violated. *Id.* Roman's § 2255 petition was denied on September 29, 2010 and his subsequent motion to alter or amend the judgment was denied on April 22, 2014. (*See* Doc. 12, Ex. 5 at 157-58).

On April 24, 2014, Roman filed a second § 2255 motion, which was construed by the district court as a motion to file a second or successive § 2255 motion, and was therefore transferred to the Second Circuit. (*See* Doc. 12, Ex. 1 at 17). The Second Circuit denied the motion on December 2, 2014. (*Id.* at 17-18). On June 23, 2016, Roman and Garcia jointly moved for leave from the Second Circuit to file a second or

successive § 2255 motion, arguing their convictions under 18 U.S.C. § 924(c) were invalidated by the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015). (Doc. 12, Ex. 7). The Second Circuit stayed the motion pending the outcome of *United States v. Hill*, 832 F.3d 135 (2d Cir. 2016), *amended by* 890 F.3d 51 (3d Cir. 2018) and *United States v. Barrett*, 677 F. App'x. 21 (2d Cir. 2017). (Doc. 12, Ex. 8).

### B. Ricardo Silva

On August 21, 2009, Silva filed a § 2255 motion to vacate his convictions and life sentences for murder, racketeering, and conspiracy, claiming ineffective assistance of counsel and that he was "erroneously sentenced to a mandatory consecutive term of imprisonment on a charge of violating 18 U.S.C. § 924(c)." (Doc. 12, Ex. 9); *see also Silva v. United States*, No. 1:09-cv-07402, Doc. 1 (S.D.N.Y. Aug. 21, 2009). Silva's motion was denied on September 14, 2009 with respect to his ineffective assistance of counsel claims and the government was ordered to respond to Silva's § 924(c) claim. (*Id.*). Ultimately, Silva's entire § 2255 motion was denied on March 25, 2010 following the court's determination that his procedurally defaulted § 924(c) claim was not excused. (Doc. 12, Ex. 10).

Roman and Silva jointly filed the instant Petition pursuant to 28 U.S.C. § 2241 on June 30, 2017. (Doc. 1). Petitioners claim they are entitled to federal habeas corpus relief on their § 924(c) convictions based on *Rosemond v. United States*, 572 U.S. 65, 134 S. Ct. 1240 (2014) and *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018).[2] (*See* Docs. 2, 8 *generally*). Petitioners also claim they are entitled to federal habeas relief on their conspiracy and murder convictions by extending the logic of *Rosemond* to these convictions, "given the similarity of the statutory provisions at issue." (Doc. 2 at 7). Lastly, Petitioners challenge their sentences for murder while engaging in a drug

---

[2] Petitioners only asserted a *Rosemond* claim in their original § 2241 petition. (Doc. 4). On May 14, 2018, Petitioners sought to amend their petition to include a *Dimaya* claim as well. (Doc. 8).

3

conspiracy, alleging the trial court improperly considered the first degree murder sentencing guidelines. (See *id.* at 10).

On April 13, 2018, Roman[3] filed a Motion to Amend the § 2241 Petition to include materials relating to the testimony of George Velez pursuant to Rule 15(c) of the Federal Rules of Civil Procedure. (Doc. 4). Petitioners then filed a Motion to Appoint Counsel[4] on April 18, 2018. (Doc. 6). On May 14, 2018, Petitioners filed a second Motion to Amend their § 2241 Petition to include a *Dimaya* claim. (Doc. 8). Petitioners' § 2241 Petition, Motions to Amend, and Motion for Counsel are now ripe for review.

## II. Legal Standard

"[A] federal prisoner's first (and most often only) route for collateral review of his conviction or sentence is under [28 U.S.C.] § 2255." *Bruce v. Warden Lewisburg USP*, 868 F.3d 170, 178 (3d Cir. 2017). Yet, "to this limitation, Congress also provided a saving clause: a federal prisoner may resort to § 2241 only if he can establish that 'the remedy by motion [under § 2255] is inadequate or ineffective to test the legality of his detention.'" *Id.* (citations omitted); *see also* 28 U.S.C. § 2255(e). If a petitioner previously filed a § 2255 motion, he must apply for and receive permission from the appropriate court of appeals before filing a successive § 2255 motion. *See* 28 U.S.C. §§ 2244(b)(3), 2255(h).[5] The claimed inadequacy or ineffectiveness must be

---

[3] The Motion is captioned with only Roman's name and he is listed as "Petitioner" in the singular form. The text of the Motion also refers only to Roman. (*See* Doc. 4). However, I will construe the Motion as jointly filed because it seeks to amend Petitioners' jointly filed § 2241 Petition.

[4] While the majority Petitioners' traverse requests assistance of counsel in preparing their case, the document itself does not constitute a second motion for appointment of counsel. (*See* Doc. 13 *generally*).

[5] A second or successive § 2255 motion must be based on "newly discovered evidence" or "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28

4

"a limitation of scope or procedure . . . prevent[ing] a § 2255 proceeding from affording . . . a full hearing and adjudication of [a] wrongful detention claim." *Okereke v. United States*, 307 F.3d 117, 120 (3d Cir. 2002) (citing *Cradle v. United States*, 290 F.3d 536, 538 (3d Cir. 2002)). "Section 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255." *Cradle*, 290 F.3d at 538. Rather, only when a federal prisoner is "in the unusual situation where an intervening change in statutory interpretation runs the risk that an individual was convicted of conduct that is not a crime, and that change in the law applies retroactively in cases on collateral review, he may seek another round of post-conviction review under § 2241." *Bruce*, 868 F.3d at 179 (citing *In re Dorsainvil*, 119 F.3d 245, 251 (3d Cir. 1997)).

The United States Court of Appeals for the Third Circuit

> permits access to § 2241 when two conditions are satisfied: First, a prisoner must assert a "claim of 'actual innocence' on the theory that 'he is being detained for conduct that has subsequently been rendered non-criminal by an intervening Supreme Court decision' and our own precedent construing an intervening Supreme Court decision" - in other words, when there is a change in statutory caselaw that applies retroactively in cases on collateral review. *Tyler*, 732 F.3d at 246 (quoting *Dorsainvil*, 119 F.3d at 252). And second, the prisoner must be "otherwise barred from challenging the legality of the conviction under § 2255." *id.* Stated differently, the prisoner has "had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate." *Dorsainvil*, 119 F.3d at 251.

*Id.* at 180. If a petitioner improperly challenges a federal conviction or sentence under § 2241, the petition must be dismissed for lack of jurisdiction. *Fraser v. Zenk*, 90 F. App'x 428, 430 (3d Cir. 2004).

### III. Discussion

#### A. Motion to Appoint Counsel

Petitioners seek appointment of counsel to assist them in reviewing and

---

U.S.C. § 2255(h).

5

developing their case. (*See* Doc. 6 generally). Pursuant to 18 U.S.C. § 3006A(a)(2)(b)), "[w]henever the United States magistrate judge or the court determines that the interests of justice so require, representation may be provided for any financially eligible person who - . . . (B) is seeking relief under section 2241, 2254, or 2255 of title 28." *See also* Rule 1(b) of the Rules Governing Section 2254 Cases.

In determining whether the interests of justice require the appointment of counsel:

> the district court must first decide if the petitioner has presented a nonfrivolous claim and if the appointment of counsel will benefit the petitioner and the court. Factors influencing a court's decision include the complexity of the factual and legal issues in the case, as well as the *pro se* petitioner's ability to investigate facts and present claims. Courts have held, for example, that there was no abuse of a district court's discretion in failing to appoint counsel when no evidentiary hearing was required and the issues in the case had been narrowed, or the issues were "straightforward and capable of resolution on the record," or the petitioner had "a good understanding of the issues and the ability to present forcefully and coherently his contentions."

*Reese v. Fulcomer*, 946 F.2d 247, 263-63 (3d Cir. 1991), *cert. denied*, 503 U.S. 988 (1992), *superseded on other grounds by statute*, 28 U.S.C. § 2254(d)(internal quotations omitted).

Appointment of counsel is not warranted. For the reasons explained below, Petitioners do not present a claim over which jurisdiction exists. As such, appointment of counsel would benefit neither Petitioners nor the Court.

**B.     Motions to Amend**

Rule 15(c)(1) of the Federal Rules of Civil Procedure permits amendment to a pleading after the statute of limitations has expired when the amended pleading "relates back" to the original pleading—in other words, when it "asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original proceeding." Fed. R. Civ. P. 15(c)(1); *see also Mayle v. Felix*, 545 U.S. 644, 655 (2005) (stating that the "original pleading" is the petition in a habeas proceeding). Claims in an amended § 2255 petition arise out of the same conduct,

6

transaction, or occurrence as the claims in the original petition and would therefore relate back when they "are tied to a common core of operative facts." *Id.* at 650, 653, 664; *see also Armstrong v. United States*, No. 15-1520, 2018 WL 1641234, at *2 (M.D. Pa. 2018) (Stengel, C.J.).[6] Relation back would not occur, however, when the amended claim "asserts a new ground for relief supported by facts that differ both in time and type from those the original pleading set forth." *Mayle*, 545 U.S. at 650.

Petitioners seek to amend their original petition to include a *Dimaya* claim (Doc. 8), which, like their *Rosemond* claim, also challenges their convictions under § 924(c), and is therefore tied to a common core of operative facts. Petitioners' Motion to Amend the original petition to include materials relating to the testimony of George Velez (Doc. 4), however, is supported by a different set of facts from the original petition. Indeed, the Motion purports to offer materials to support a claim of actual innocence based on inconsistent witness statements, rather than the trial judge's jury instructions and subsequent Supreme Court interpretations of § 924(c). Accordingly, I will grant the Motion to Amend to include a *Dimaya* claim relating back to the original petition, but will deny the Motion to Amend to include materials relating to the testimony of George Velez.

### B. § 2241 Petition

The Government argues Petitioners' challenge to their § 924(c) convictions need not be addressed pursuant to the concurrent sentence doctrine. Under the concurrent sentence doctrine, courts have "discretion to avoid resolution of legal issues affecting less than all counts in an indictment if at least one will survive and sentences on all counts are concurrent." *United States v. McKie*, 112 F.3d 626, 628 n.4 (3d Cir. 1997). The doctrine does not apply, however, "where it is apparent that the defendant will not

---

[6] I find the cases addressing Rule 12(c)(1) motions to amend in the context of § 2255 petitions apply to the instant case given that Petitioners' claims arise from the saving clause in § 2255.

suffer collateral consequences arising from the challenged conviction." *Logan v. Dist. Att'y Allegheny Cty.*, No. 16-4039, 2018 WL 6036747, at *2 (3d Cir. Nov. 18, 2018) (citing *United States v. Clemons*, 843 F.2d 741, 743 n.2 (3d Cir. 1988); *Jones v. Zimmerman*, 805 F.2d 1125, 1128 (3d Cir. 1986)). The concurrent sentence doctrine "is eminently practical and conserves judicial resources for more pressing needs" where a defendant "remains sentenced in any event [because] reviewing the concurrently sentenced counts is of no utility." *Jones*, 805 F.2d at 1128.

In addition to their life sentences for their § 924(c) convictions, Petitioners are serving life sentences for several other offenses, including, *inter alia*, murder and racketeering conspiracy. (*See* Doc. 12, Ex. 1 at 4-5). As determined in their prior habeas proceedings, Petitioners's non-§ 924(c) convictions and sentences are valid, meaning Petitioners must still serve these life sentences regardless of the validity of their § 924(c) convictions.[7] *See Logan*, 2018 WL 6036747, at *2 ("Only one [of petitioner's convictions] will be abrogated if his petition is successful and any potential relief would not reduce the time he is required to serve."). Additionally, Petitioners have not shown they would suffer any collateral consequences arising from their challenged convictions, let alone any collateral consequences that rise to the level of "custody" for habeas purposes. *Gardner v. Warden Lewisburg USP*, 845 F.3d 99, 104 (3d Cir. 2017); *United States v. Ross*, 801 F.3d 374, 382 (3d Cir. 2015). I will therefore invoke the concurrent sentence doctrine to Petitioners' challenge of their § 924(c) convictions. *See Nosov v. Schuylkill*, 634 F. App'x. 379, 380-81 (3d Cir. 2016) (applying the concurrent sentence doctrine where petitioner was serving a concurrent life sentence to the life sentence resulting from the challenged conviction).

---

[7] In light of the Supreme Court's recent decision to grant the petition for a writ of certiorari in *United States v. Davis*, — S. Ct. —, 2019 WL 98544 (2019) (mem.), concerning the constitutionality of § 924(c)'s residual clause, I take no position at this time on the merits of Petitioners' underlying challenge to their § 924(c) convictions.

8

Next, Petitioners have not demonstrated why § 2255 would be inadequate or ineffective to assert their separate murder and conspiracy claims. (*See* Doc. 2 at 7, 10). First, Petitioners' argument that the sentencing guidelines for first degree murder were improperly applied does not reflect an intervening change in law that would render the conduct for which they were convicted noncriminal. *See Thai v. Warden Lewisburg USP*, 608 F. App'x. 114, 116-17 (3d Cir. 2015). Similarly, Petitioners' argument based on an extension of *Rosemond*'s logic to similar statutes is not supported by a qualifying intervening change in law. *See Potter v. Oddo*, No. 3:17-1314, 2018 WL 6062329, at *3 (M.D. Pa. Nov. 20, 2018) (Mannion, J.) ("The burden is on the habeas petitioner to demonstrate inadequacy or ineffectiveness.") (citing *Dorsainvil*, 119 F.3d at 251-52; *Cagel v. Ciccone*, 368 F.2d 183, 184 (8th Cir. 1966); *cf. Pagan v. Warden Lewisburg USP*, 659 F. App'x. 715, 718-19 (3d Cir. 2016) (declining to apply *Rosemond* to a conviction under 18 U.S.C. § 1959 and denying § 2241 petition on other grounds); *United States v. Greene*, Nos. 14-C-431, 08-CR-124, 2015 WL 347833, at *2 (E.D. Wisc. Jan. 23, 2015) (Randa, J.) (rejecting petitioner's argument to extend the logic of *Rosemond* to a conviction under 18 U.S.C. § 2113(d)). Accordingly, Petitioners have not demonstrated the inadequacy or ineffectiveness of § 2255 and the Petition will therefore be dismissed for lack of jurisdiction.

## IV. Conclusion

For the above stated reasons, Petitioners' Motion to Amend to include a *Dimaya* claim relating back to the original petition will be granted and Petitioners' Motion to Amend their original petition to include materials relating to the testimony of George Velez will be denied. In addition, Petitioners' § 2241 Petition will be dismissed without prejudice to Petitioners again seeking authorization in the appropriate Court of Appeals to file a second or successive § 2255 motion, and Petitioners' Motion to Appoint Counsel will be denied as a result.

An appropriate order follows.

January 17, 2019  /s/ A. Richard Caputo
Date  A. Richard Caputo
United States District Judge